IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL BROOMER, | § | |
| | § | |
| Defendant Below, | § | No. 223, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1504010863A (N) |
| | § | |
| Appellee. | § | |

Submitted: January 20, 2026
Decided:   March 27, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Michael Broomer, filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Broomer's opening brief that the appeal is without merit. We agree and affirm.

(2)    In 2016, a Superior Court jury found Broomer guilty of second-degree murder, first-degree reckless endangering, and two counts of possession of a firearm during the commission of a felony ("PFDCF"). The Superior Court sentenced

Broomer as follows: (i) for second-degree murder, twenty-five years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision; (ii) for first-degree reckless endangering, five years of Level V incarceration; and (iii) for each count of PFDCF, five years of Level V incarceration. We affirmed the Superior Court's judgment on direct appeal.[1]

(3)     In April 2025, Broomer moved for correction of an illegal sentence, arguing that his sentence was illegally enhanced based on facts not unanimously found by a jury as required by *Erlinger v. United States*.[2] The Superior Court denied the motion. This appeal followed.

(4)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[1] *Broomer v. State*, 175 A.3d 622, 2017 WL 5900084 (Del. Nov. 28, 2017) (TABLE).

[2] 602 U.S. 821 (2024).

[3] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).

[4] *Id.*

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)     As he did below, Broomer argues that his sentence was enhanced in violation of *Erlinger* because a judge rather than a jury found the existence of aggravating factors under the Sentencing Accountability Commission ("SENTAC") guidelines.  He is mistaken.

(6)     In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[6]  The aggravating factors that the Superior Court cited in sentencing Broomer did not increase the prescribed range of penalties to which he was otherwise exposed—fifteen years to life imprisonment for second-degree murder,[7] up to five years of imprisonment for first-degree reckless

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] 602 U.S. at 834 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

[7] 11 *Del. C.* § 635 (providing that second-degree murder is a class A felony); 11 *Del. C.* § 4205(b)(1) (defining the sentencing range for a class A felony).

endangering,[8] and three to twenty-five years of imprisonment for PFDCF.[9] We have previously rejected claims that a sentencing court's consideration of aggravating factors when imposing a sentence above the SENTAC guidelines, but within the statutory range, violates *Erlinger*.[10] The Superior Court did not err in denying Broomer's motion for sentence correction.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[8] 11 *Del. C.* § 604 (providing that first-degree reckless endangering is a class E felony); 11 *Del. C.* § 4205(b)(5) (defining the sentencing range for a class E felony).

[9] 11 *Del. C.* § 1447A (providing that PFDCF is a class B felony with a minimum three-year sentence); 11 *Del. C.* § 4205(b)(2) (defining the sentencing range for a class B felony). Under Section 1447A(c), the minimum sentence increases to five years for someone with two previous felony convictions, but the sentencing transcript reflects that Broomer faced the three-year minimum, not the five-year minimum.

[10] *Anderson v. State*, 350 A.3d 641, 2025 WL 3012920, at *2 (Del. Oct. 24, 2025) (TABLE); *Krafchick v. State*, 350 A.3d 636, 2025 WL 2925378, at *1 (Del. Oct. 14, 2025) (TABLE).